UNITED STATES DISTRICT COURTJS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-2490-JFW (Ex)**Date:  May 3, 2012

Title:The People of the State of California, and through Relator John Prieve -v- Mallinckrodt, Inc., et al.

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:****ATTORNEYS PRESENT FOR DEFENDANTS:**
NoneNone

**PROCEEDINGS (IN CHAMBERS):ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

   On August 25, 2011, *qui tam* relator John Prieve ("Plaintiff"), on behalf of the People of the State of California, filed a Complaint against Defendant Mallinckrodt, Covidien, Inc., Tyco International (US) Inc., and Tyco Healthcare Group L.P. in Los Angeles County Superior Court. On March 22, 2012, Mallinckrodt, Covidien, Inc., and Tyco Healthcare Group L.P. ("Removing Defendants") filed a Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 ("Notice of Removal") alleging that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

   Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Removing Defendants bear the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

   Federal jurisdiction founded on Section 1332(a) requires that the parties be in complete diversity and the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.  In their Notice of Removal, Removing Defendants erroneously contend that the parties are completely diverse

Initials of Deputy Clerk   sr

because the State of California has not yet intervened in this action and thus is not a party to this action.

However, In diversity cases, courts look to the citizenship of the real parties in interest, not merely to the named parties. *See Navarro Sav. & Loan Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."). Even though the State of California has not intervened in this action, "[qui] tam relators . . . sue on behalf of the government . . ., which is always the real party in interest." *State of California ex rel. Barret R. Bates v. Mortgage Electronic Registration Systems, Inc.*, 2010 WL 2889061, at *1 (E.D. Cal. July 21, 2010) (quoting *U.S. ex rel. Hyatt v. Northrop Corp.*, 91 F.3d 1211, 1217 n.8 (9th Cir. 1996)); *see also United States ex rel Eisenstein v. City of New York*, 556 U.S. 928, 934 (2009) (holding that although the United States was a "real party in interest" in a *qui tam* action under the False Claims Act, it was not a "party" to the action). Here, the State of California is clearly a real party in interest to this action, because, for example, the action must be brought in the name of the State, the State can intervene at any time during the litigation upon a showing of good cause, all portions of any judgment or settlement not distributed must be paid to the General Fund of the State, and even where the State has not intervened, the relator is only entitled to a portion of the total recovery. *See* Cal. Ins. Code. § 1871.7; *see also State of New Mexico ex rel. National Education Ass'n of New Mexico*, 671 F. Supp. 2d 1249 (D. N.M. 2009) (holding that the State of New Mexico was the real party in interest under a similar New Mexico statute).

The State of California is not a citizen for diversity jurisdiction purposes under 28 U.S.C. § 1332 and it cannot sue or be sued in a diversity action in federal court. *See Moor v. County of Alameda*, 411 U.S. 693, 717 (1973) ("There is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction."); *Maryland Stadium Authority v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) ("States, however, are not 'citizens of a state' for purposes of § 1332(a)" and "if one party to an action is not a citizen, and therefore not able to sue or be sued in federal court under § 1332, the district court does not have jurisdiction of the action under § 1332, even if all other parties to that action are citizens of different states.").

Accordingly, because the State of California is a real party in interest in this action, the Court lacks subject matter jurisdiction over this action. This action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.